**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**JAMES HOWARD,**

              **Plaintiff,**

      **-against-**

**MICHAEL J. ASTRUE, Commissioner of**
**Social Security,**

              **Defendant.**
-------------------------------------------------------------x

**OPINION AND ORDER**
**07-CV-1558 (NG)**

**GERSHON, United States District Judge:**

Plaintiff James Howard brings this action pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of Social Security ("Commissioner") denying his application for a waiver of recovery of an overpayment of Supplemental Security Income ("SSI") benefits. Plaintiff and defendant each move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, the case is remanded to the ALJ solely for a determination of whether plaintiff is entitled to a reduction of the subject overpayment in light of his impairment-related work expenses and, if so, in what amount.

**I.    BACKGROUND**

Unless otherwise indicated, the facts set forth below are undisputed.

Plaintiff, 51 years old, suffers from severe arthritis in his hip, high blood pressure, an adrenal gland problem (hyperaldosteronism), and glaucoma of the right eye. As a result of these health

1

problems, the Social Security Administration ("SSA") awarded him SSI benefits sometime in the late 1990s. On June 20, 2004, plaintiff began working a desk job for the New York City Transit Authority. On June 23, 2004, plaintiff notified SSA via letter of his new job and change in income. Nevertheless, SSA continued sending plaintiff benefit checks. Plaintiff attempted to contact SSA as to whether he was entitled to keep these checks in light of the change in his income.

On August 4, 2004, SSA notified plaintiff that, because of his income, he was not eligible to receive SSI for July 2004, and that his benefit amount would be $75.10 as of September. On September 24, 2004, SSA notified plaintiff that between June 2004 and October 2004, SSA had overpaid him $2,016.20 in SSI. The SSA's proffered cause for the overpayment was plaintiff's failure to timely report the change in his income. On September 27, 2004, SSA notified plaintiff that, beginning in November 2004, he would no longer receive SSI.

On November 19, 2004, plaintiff requested reconsideration of the overpayment, arguing that the overpayment amount was "too much." Administrative Record ("R.") 54. On November 24, 2004, SSA denied plaintiff's request for waiver of recovery of the overpayment, stating again that plaintiff was at fault in causing the overpayment because he did not timely report the change in his income. On January 24, 2005, SSA affirmed its decision, after which plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On August 20, 2005, SSA notified plaintiff that recovery of $651 of the overpayment would be waived because he was not working when his June 2004 benefits were paid and because he timely reported his work activity for that month. On September 5, 2005, SSA waived an additional $87.00 of the overpayment. Thus, plaintiff's overpayment was reduced from $2,016.20 to $1,365.20.

On October 19, 2005, plaintiff renewed his request for a hearing, stating he was not at fault

in receiving the overpayment because he provided timely notification of the change in his income.

On May 30, 2006, a hearing was held before an ALJ. Although advised of his right to counsel, plaintiff proceeded *pro se*. On June 23, 2006, the ALJ found that overpayment could not be waived because plaintiff was not without fault in causing the overpayment. The ALJ found that plaintiff *did* timely report his work activity and earnings. However, plaintiff's letter of June 23, 2004, and his testimony before the ALJ, revealed that plaintiff knew he was not entitled to SSI benefits he continued to receive after he started working. The ALJ wrote, "[claimant] stated while under oath that he did not spent (sic) the money because he knew he should not keep it." Thus, notwithstanding SSA's failure to timely suspend plaintiff's SSI benefits, plaintiff was found to be not entitled to keep the overpayment and his request for waiver of its recovery was denied. The Appeals Council denied plaintiff's request for review on February 9, 2007. This action followed.

## II. DISCUSSION

### A. Standard of Review

The court may set aside the ALJ's decision only if based on legal error or if the factual findings are not supported by substantial evidence. *Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997). The Supreme Court has defined the term "substantial evidence" in the social security context as being "more than a mere scintilla" and as that evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If substantial evidence exists in support of the ALJ's decision, the court must uphold the decision, even if substantial evidence supports plaintiff's arguments. *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996). Furthermore, the

ALJ's findings of fact are conclusive, even if the reviewing court's independent analysis may differ from the ALJ's analysis. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**B.     Waiver of Recovery of Overpayment**

Howard claims he is entitled to a waiver of recovery of some or all of the overpayment because information he received from SSA with regard to his benefits and overpayment was "inconsistent, confusing, contradictory, and misleading." The Commissioner responds that the ALJ's decision that Howard was not without fault in receiving the overpayments is supported by substantial evidence and that, therefore, Howard is not entitled to a waiver.

The Social Security Act ("Act") directs that if the Commissioner finds that more than the correct amount of SSI benefits has been paid to or on behalf of an SSI recipient, the Commissioner must recover the amount of the overpayment. 42 U.S.C. § 1383(b)(1). The Commissioner may, however, waive recovery of an overpayment if he finds that (1) the recipient was without fault, and (2) recovery would defeat the purposes of the Act's SSI provisions, be against equity and good conscience, or impede efficient or effective administration of the SSI program because of the small amount involved. 42 U.S.C. § 1383(b)(1)(B); 20 C.F.R. § 416.550.

An individual will be found to have been at fault in connection with an overpayment if it resulted from (a) failure to furnish information that the person knew or should have known was material, (b) an incorrect statement made by the individual that he knew or should have known was incorrect, or (c) a situation where an individual kept a payment that he knew or should have known was incorrect. 20 C.F.R. § 416.552. In determining whether a recipient is "at fault," SSA considers all the circumstances surrounding the overpayment, including the recipient's age, comprehension, memory, physical, and mental condition, and is to "take into account any physical, mental,

4

educational, or linguistic limitations . . . the individual may have." Id. No showing of bad faith on the part of the recipient is required for a finding of fault; rather, an honest mistake may be sufficient to constitute fault. *Center v. Schweiker*, 704 F.2d 678, 680 (2d Cir. 1983). Plaintiff has the burden of demonstrating that he is entitled to a waiver. *Id.*

Here, the ALJ concluded that Howard was not without fault because he kept payments he knew were incorrect. The ALJ's decision is supported by substantial evidence. The record reveals that, in a "Request For Waiver Of Overpayment Recovery," plaintiff stated, "I don't think I was due the [overpaid] money . . . so I tried to save it." R. 106. Further, at his administrative hearing, plaintiff conceded he received SSI payments to which he was not entitled, yet did not return them to SSA. R. 121-23. Thus, "more than a mere scintilla" of evidence supports the ALJ's decision that Howard was not without fault in causing the overpayment.

Plaintiff relies on *Doherty v. Heckler*, 588 F. Supp. 115, 118 (E.D.N.Y. 1984), for the proposition that "[w]here SSA has provided the recipient with incorrect information regarding an overpayment and the recipient relied on that information, the recipient was 'without fault.'" In remanding the matter to the ALJ, the *Doherty* court found that potentially incorrect information provided to the claimant, an elderly woman perhaps "[in]capable of tending to and handling her affairs" may have rendered her unable to discern the impropriety of payments she received. *Doherty*, 588 F. Supp. at 118. In other words, Ms. Doherty was perhaps unaware of any impropriety given her diminished mental capacity. Howard did not genuinely believe he was entitled to the payments; he accepted benefits knowing he was not entitled to them. Therefore, his reliance on *Doherty* is misplaced.

Finally, Howard's confusion with respect to information provided him by SSA does not

5

render him without fault. That SSA may have erred in both making the overpayment and failing to timely correct it does not relieve Howard from liability for repayment. 20 CFR 416.552; *Center*, 704 F.2d at 680.

Because the ALJ's decision that Howard was not without fault in receiving the overpayments is supported by substantial evidence, plaintiff's request for an order reversing the decision of the Commissioner is denied, as is his request for remand to the Commissioner for a new hearing on the issue of waiver.

**C.      Impairment-Related Work Expenses**

Plaintiff argues that the amount of the alleged overpayment is "too much," R. 54, because it does not account for SSI benefits to which he is entitled in light of his impairment-related work expenses. SSA regulations provide that

> in determining your countable earned income, we will subtract the reasonable costs to you of certain items and services which, because of your impairment(s) you need and use to enable you to work. The costs are deductible even though you also need or use the items and services to carry out daily living functions unrelated to your work.

20 CFR § 416.976(a). Howard identifies two expenses, allegedly totaling over $200 per month, which he claims entitle him to a reduction of his countable earned income: vehicle costs incurred in connection with transportation to and from work; and co-payments for medication directly related to impairments. SSA regulations provide that "[i]f you must use drugs . . . to control your impairment(s), the payments you make for them may be deducted," 20 CFR § 416.976(c)(5)(i), and transportation costs are deducted if "[y]our impairment(s) prevents your taking public transportation to and from work and you must drive your (unmodified) vehicle to work." 20 CFR §

6

416.976(c)(6)(iii)(C).[1]

According to Howard, when his impairment-related work expenses are subtracted from his income, the resultant figure – his countable earned income – is sufficiently low to entitle him to SSI benefits notwithstanding his employment, albeit in an amount less than that which he received when unemployed. Thus, Howard argues, as long as the alleged overpayment amount remains wrongly premised upon his total ineligibility for SSI, collection of it will deprive him of benefits to which he is entitled. Therefore, Howard now seeks a remand on the ground that the ALJ failed to inquire with respect to, or develop evidence of, these expenses.

The Commissioner responds that Howard never requested review of his impairment-related work expenses. Further, phrasing the inquiry in terms of whether the court may remand for consideration of "new evidence" rather than whether the ALJ failed to develop the record, the Commissioner argues that remand is improper because plaintiff cannot demonstrate good cause for failing to produce this evidence earlier.[2]

I conclude that, because the ALJ failed to develop the record with regard to impairment-related work expenses, plaintiff is entitled to a remand for recalculation of the overpayment.

---

[1] Howard asserts that "[d]octors can verify that, due to intense, and unpredictable pain in his hip and back, [he] is unable to take public transportation regularly, specifically due to the difficulties involved in utilizing stair cases and carrying heavy bags." These "impairments necessitated the use of an automobile in order to maintain employment." Also, during the time he received the alleged overpayment, Howard asserts that he made co-payments for medications addressing his adrenal gland problem, high blood pressure, and arthritis.

[2] The Commissioner asserts that this court cannot recalculate the overpayment amount because, under 42 U.S.C. § 405(g), its review is confined to the administrative record, which "is devoid of evidence related to plaintiff's impairment-related work expenses." The Commissioner's meritorious argument proves too much: while the administrative record is devoid of evidence related to plaintiff's impairment-related work expenses, it should not be.

A claimant is entitled to "a full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the Act." *Gold v. Secretary of HEW*, 463 F.2d 38, 43 (2d Cir. 1972). Therefore, in light of the "essentially nonadversarial nature of a benefits proceeding[,] . . . the ALJ, unlike a judge in a trial, must himself affirmatively develop the record." *Echevarria v. Secretary of Health & Human Services*, 685 F.2d 751, 755 (2d Cir. 1982) (citations omitted). Where, as here, the claimant was unrepresented by counsel, the ALJ is under a heightened duty "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir. 1980). "[A] reviewing court must determine whether the ALJ adequately protected the rights of a *pro se* litigant by ensuring that all of the relevant facts are sufficiently developed and considered." *Echevarria*, 685 F.2d at 755 (citations and brackets omitted).

Here, the ALJ failed to discharge his heightened duty to develop the record because he did not scrupulously and conscientiously inquire into all the relevant facts. Although evidence of Howard's impairment-related work expenses was relevant to the correct amount of the overpayment and was available at the time of the ALJ's hearing, neither the hearing transcript nor the ALJ's decision indicate that the ALJ attempted to develop and consider these expenses.

The Commissioner's position that Howard had a duty to request review of his impairment-related work expenses is inconsistent with the well-established duty placed on an ALJ where a claimant is *pro se* to "investigate and develop the facts and . . . arguments for and against the granting of benefits." *Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004); see also *Echevarria*, 685 F.2d at 756-757 (remanding case in which relevant testimony was not presented by claimant represented by social worker, and ALJ did not make efforts to discover testimony); *cf. Molina v. Barnhart*, 2005 U.S. Dist. LEXIS 17981, *28 fn. 18 (S.D.N.Y. August 17, 2005) (in "new

evidence" context, claimant "should not be faulted for failing to present [relevant evidence where claimant] was not represented by counsel at the hearing, and the ALJ failed to make a reasonable effort to acquire [the evidence], or inform [claimant] that such evidence was important, as is the custom of ALJs."). Given the complexity of SSA regulations, Howard's lack of understanding regarding the importance of obtaining evidence of impairment-related work expenses is understandable.

The ALJ's failure to consider Howard's medical expenses is particularly troubling in light of Howard's June 23, 2004 letter to SSA in which he wrote:

> I also want you to know that I am not healed of my medical conditions, they still exist, but at present, they are under control with the prescribed medicines that I am taking, and I am still going to my medical appointments[.]

R. 55. Even if Howard had had a duty to alert the ALJ as to possible impairment-related work expenses, this letter should have done so with regard to medical expenses.

In sum, because the ALJ failed to ensure that Howard's impairment-related work expenses were "sufficiently developed and considered," *Echevarria*, 685 F.2d at 755, remand is necessary for consideration of these expenses and reduction, if any, of the overpayment amount. The ALJ's failure to develop the record precludes applicability of the "new evidence" test. Indeed, evidence of impairment-related work expenses would not be new had the ALJ properly discharged his duty to develop the record.

**D.     Denial of Due Process**

Plaintiff argues that he was denied due process when, without proper notice to him, SSA "chang[ed] the issues to be decided at the hearing" from whether he properly notified SSA of his return to work to whether he accepted the overpayment with knowledge of its impropriety. Because

9

he was prepared to argue only the notification issue, not the knowledge issue, Howard asserts, he was "deprived of the opportunity to be heard at a meaningful time and in a meaningful manner." The Commissioner responds that Howard has no property rights in the overpayment of benefits to which he admits he is not entitled. Even if he did, the Commissioner notes, Howard's admissions with regard to the notification issue, including those found in his June 23, 2004 letter timely notifying the Commissioner of the change in his employment status, demonstrate his awareness that he may have received an overpayment.

Assuming he has a property right in the disputed payments, Howard's due process claim must fail because he was not denied an opportunity to be heard. His assertion that SSA "chang[ed] the issues to be decided at the hearing" is inaccurate. Rather, information provided by Howard changed the dispositive issue. The Commissioner accurately states, "[a]s a result of the information provided by plaintiff [to prove that he timely notified SSA of his return to work], the SSA concluded that plaintiff was not without fault because he knew he was not entitled to the benefits that he was paid." Thus, Howard's argument amounts to a claim that he should have been provided an opportunity to rebut his own admissions. Plaintiff's due process claim is denied.

## III. CONCLUSION

Because the ALJ failed to develop the record with regard to plaintiff's impairment-related work expenses, plaintiff's request for remand to the ALJ for consideration of these expenses is granted. All other claims for relief are denied. The ALJ is directed to determine whether the

amount of the overpayment must be reduced in light of these expenses and, if so, in what amount.

Appointed counsel is requested to continue representation of Howard on remand.

**SO ORDERED.**

　　　*/S/ Nina Gershon*
**Nina Gershon, U.S.D.J.**

Dated:　December 7, 2007
　　　　Brooklyn, NY