**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**JAMES HOWARD,**

         **Plaintiff,**

     **-against-**

**MICHAEL J. ASTRUE, Commissioner of
Social Security,**

         **Defendant.**       x
-----------------------------------------------------------

**OPINION AND ORDER
07-CV-1558 (NG)**

**GERSHON, United States District Judge:**

Plaintiff's counsel brings this application, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for attorney's fees incurred in relation to the litigation underlying the court's decision in Howard v. Astrue, No. 07-CV-1558 (NG), 2007 WL 4326788 ("Howard I") (E.D.N.Y. Dec. 7, 2007). For reasons discussed below, the motion is granted in part and denied in part.

**BACKGROUND**

While the facts of the prior litigation are set forth in Howard I, only those facts necessary to resolution of plaintiff's counsel's request for attorney's fees are recited here.

On April 11, 2007, plaintiff, proceeding pro se, brought Howard I pursuant to Title II of the Social Security Act, 42 U.S.C. § 405(g), to review the final determination of defendant Michael J. Astrue, Commissioner of Social Security (the "Commissioner"), that plaintiff was not entitled to a waiver of the government's recovery of an overpayment of Supplemental Security Income ("SSI") benefits. On July 24, 2007, plaintiff's counsel, Carolyn A. Kubitschek, Esq. appeared on plaintiff's

1

behalf.

While plaintiff's appeal to this court was pending, the Social Security Administration (the "SSA") began to garnish plaintiff's wages in order to recover some of the benefits it had concluded were erroneously paid to plaintiff. On October 18, 2007, prior to the decision in Howard I, the court approved a stipulation between the parties suspending garnishment of plaintiff's wages up to and including December 17, 2007.

On December 7, 2007, the court issued an order upholding the ALJ's ruling that plaintiff was not entitled to a waiver of repayment. However, the court remanded the action in order for the ALJ to fully develop the record with respect to any impairment-related work expenses incurred by plaintiff and to consider the effect of these expenses on the amount of overpayment owed. Howard I, 2007 WL 4326788, at *6.

On March 7, 2008, plaintiff filed a motion to hold the Commissioner in contempt of court, asserting that the Commissioner had improperly resumed garnishing plaintiff's wages in advance of any reconsideration by the ALJ. On March 10, 2008, the court enjoined the Commissioner from garnishing plaintiff's wages.[1] This application followed.

## DISCUSSION

The EAJA provides that attorney's fees and costs may be recoverable by a "prevailing party" in "any civil action . . . brought by or against the United States" unless the fee award would be

---

[1] In addition, by letter dated April 3, 2008, plaintiff informed the court that "the Social Security Administration intercepted and seized his entire tax refund, $899.00, because of the alleged overpayment" and that "the Social Security Administration has taken the position that they will not return the [garnished] money voluntarily," and he requested an order directing the return of these funds. On April 8, 2008, plaintiff advised the court that the tax refund dispute had been resolved.

2

unjust or unless the position taken by the United States was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Here, the parties do not dispute that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 300 (1993) ("No holding of this Court has ever denied prevailing party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g)."). Once a plaintiff is deemed a "prevailing party," the government's burden is to demonstrate, by a "strong showing," that it was substantially justified in its position; in other words, that it was justified to a degree which could satisfy a reasonable person and that its position had a reasonable basis in both law and fact. Pierce v. Underwood, 487 U.S. 552, 565-66 (1988); Envtl. Def. Fund, Inc., v. Watt, 722 F.2d 1081, 1085 (2d Cir. 1983); see also 28 U.S.C. § 2412(d)(1)(B).

A court cannot assume that the Commissioner's position was not substantially justified simply because the case was remanded for further proceedings. See Cohen v. Bowen, 837 F.2d 582, 586 (2d Cir. 1988). Rather, the government may take a position, or pursue a litigation, that is substantially justified, even if it is incorrect or unsuccessful. See Scarborough v. Principi, 541 U.S. 401, 415 (2004). Where the government is substantially justified in the underlying litigation, a court may issue fees "for those portions of a lawsuit in which the litigant spends time overcoming unreasonable litigating positions taken in defense of the agency's ruling." Smith v. Bowen, 867 F.2d 731, 732, 735 (2d Cir. 1989) ("A District Court still ha[s] authority to award EAJA fees . . . [i]f it [finds] that the Government's position in any segment of the litigation was not substantially justified."). This approach underscores the policy that "the government should be discouraged from engaging in dilatory or otherwise unacceptable litigation tactics" at all phases of litigation, not merely when initially bringing the action. Id.

B.  **The Commissioner's <u>Howard I</u> Litigation Positions**

<u>Repayment of Overpayment</u>

In <u>Howard I</u>, the Commissioner's underlying position was that plaintiff was not without fault in causing an overpayment of benefits, and was required to repay that overpayment. Both the ALJ and this court agreed. While it is "conceivable" that the government "could take a position that is not substantially justified, yet win," the government's success is indicative of justification. <u>Pierce</u>, 487 U.S. at 569. Plaintiff's counsel does not claim that the government was not substantially justified in its position in this portion of the litigation, and, in any event, the court concludes that the Commissioner's position that plaintiff was not without fault was both reasonable and substantially justified. Nonetheless, as seen below, plaintiff's counsel seeks to recover her fees for this aspect of the litigation as well as for those aspects as to which she claims that the Commissioner was not substantially justified.

<u>Amount of Overpayment</u>

Although the court held that the Commissioner was correct with respect to plaintiff's obligation to repay the overpayment of benefits, the court faulted the government for failing to properly develop the record with respect to, and consider the effect of, plaintiff's impairment-related work expenses. <u>Howard I</u>, 2007 WL 4326788, at *3-4. The government's failure was "particularly troubling in light of Howard's June 23, 2004, letter to the SSA," which alerted the Commissioner to plaintiff's impairment-related work expenses. <u>Id.</u> at *5 (noting that the impairment-related work expenses were not "new evidence" and would have been considered if the ALJ had "properly discharged his duty to develop the record" in the first instance).

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally

4

has an affirmative obligation to develop the administrative record." Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996). "When a plaintiff appears pro se, that responsibility is even more pronounced." Cruz v. Apfel, 48 F. Supp.2d 226, 229 (E.D.N.Y. 1999) (citing Echevarria v. Secretary of Health and Human Serv., 685 F.2d 751, 755 (2d Cir. 1982)). The Commissioner is substantially justified in taking a position, in the absence of a fully developed record, only if a reasonable person could have regarded the record as an adequate one on which to base a decision. See Horton v. Barnhart, No. 03-CV-76, 2004 WL 2375816, at *2 (S.D.N.Y. 2004). In light of plaintiff's pro se status, plaintiff's notice to the Commissioner that plaintiff was required to take medication to control his disability and the ALJ's duty concerning development of the record, the court concludes that the Commissioner's position regarding the amount of overpayment owed, which failed to explore evidence of expenses deductible under 20 C.F.R. § 416.976(c)(5)(I), was not substantially justified. See Ericksson v. Commissioner of Social Security, 557 F.3d 79, 82-84 (2d Cir. 2009) (government's position was not substantially justified where the ALJ failed to consider, as part of the record, medical information submitted by the claimant).

Therefore, plaintiff's counsel is entitled to attorney's fees incurred in relation to the agency's failure to fully develop the record concerning plaintiff's impairment-related work expenses.

**C. The Commissioner's Post-Howard I Garnishment**

Next, the court must determine whether the agency's position concerning garnishment of plaintiff's pay, prior to a decision by the ALJ on remand, was a substantially justifiable one. In other words, whether the Commissioner's attempt to recoup monies, where the amount owed by plaintiff was based on a record the court had found to be defective, could be "be explained to the satisfaction of a reasonable person." Fernandez v. Apfel, No. 97-CV-7532, 1999 WL 1129056 (E.D.N.Y. Oct.

5

4, 1999) Where there is no dispute that there are gaps in the record, an agency decision on the basis of that record cannot be substantially justified. Id.

Therefore, plaintiff's counsel is entitled to attorney's fees incurred in relation to the agency's garnishment of plaintiff's pay following the Howard I decision and prior to a decision by the ALJ on remand.

Plaintiff's counsel argues that the government took its position in bad faith and that an enhanced fee is appropriate. "An award of attorneys' fees under the bad faith exception is punitive" and is to be granted only where the government's position is "entirely without color and made for reasons of harassment or delay or for other improper purposes." David v. Sullivan, 777 F.Supp. 212, 218 (E.D.N.Y. 1991). To impose a garnishment after a plaintiff has won a remand and in the absence of an existing administrative or judicial order is egregious. Further, the government fails to justify its actions as merely inadvertent error. However, though these actions were improper, plaintiff has not established that the garnishment was the product of an improper purpose or for harassment, and the bad faith exception does not apply.[2]

**D.    Amount of Attorney's Fees**

The EAJA allows for "reasonable attorney fees," which are to be "based upon prevailing market rates for the kind and quality of the services furnished," but may not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28

---

[2] Further, the court notes that plaintiff's counsel's request to be paid at the rate charged by her in matrimonial actions is inappropriate. "Market rate" is intended to reflect the rate for the "kind and quality of the services furnished", 28 U.S.C. § 2412(2)(A) (emphasis added), in other words the market rate for representation in social security actions.

U.S.C. § 2412(d)(2)(A). A court's starting point for calculating reasonable attorney's fees to be awarded is arrived at by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Hourly Rate

Any award above the $125 maximum must be justified by a "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that she is entitled to a fee adjustment based on the increase in cost of living between March 1996 (when the statutory cap of $125 per hour was set) and July 2007 (when she filed a notice of appearance on behalf of Howard in this action). The court agrees. Based on the Consumer Price Index, see Harris v. Sullivan, 968 F.2d 263, 265 (2d Cir. 1992), that adjusted hourly rate is estimated to be $171.64 for the urban areas of New York. However, the court is unpersuaded that any other special factors exist in this case to warrant a further fee enhancement. See Healey v. Levitt, 485 F.3d 63, 68-70 (2d Cir. 2007). The legal issues presented were neither complex nor did they require a great expenditure of time.

With respect to work performed by clerks or law students, this court agrees with the multiple district courts in this Circuit that have held $100 per hour to be a reasonable rate. See Sylvester v. City of New York, No. 03-CV-8760 (FM), 2006 WL 3230152, at *10 (S.D.N.Y. November 8, 2006) (citing cases).

Number of Hours Billed

The court has broad discretion to determine the amount of time reasonably expended in a litigation. Aston v. Sec'y of Health and Human Serv., 808 F.2d 9, 11 (2d Cir. 1986). In making this

determination, a court may consider (i) the total number of hours reported by each lawyer; (ii) the hours allotted to specific tasks; (iii) whether those hours would normally be billed to a paying client; (iv) the potential duplication of services, particularly where there are multiple lawyers involved; (v) the complexity of the matter, including whether it presents novel issues of law or fact; and (vi) the significance of the overall relief obtained by the plaintiff. Rivera ex rel. DeJesus v. Commissioner of Social Sec., No. 05-CV-4465, 2009 WL 1924772 (E.D.N.Y. July 2, 2009) (citations omitted). "As defendant argues, courts in this Circuit have typically held that twenty to forty hours reflects a reasonable expenditure of time in an average social security disability case." Green v. Astrue, No. 07-CV-1269, 2009 WL 1349257, at * (E.D.N.Y. May 13, 2009). That said, a court may exceed this range where the facts of the case warrant such an award. Id.

Plaintiff's counsel requests payment for over 160 hours of attorney's fees and expenses. This 160 hours includes (i) approximately 25 hours of attorney time spent opposing the underlying litigation; (ii) approximately 99 hours of clerk, law student or paralegal time spent opposing the underlying litigation; (iii) approximately 14 hours of attorney time spent opposing the government's post-Howard I garnishment; and (iv) approximately 23 hours of clerk, law student or paralegal time spent opposing the government's post-Howard I garnishment.

The court concludes that, while this case is not an "average disability case," the number of hours requested by plaintiff's counsel is excessive given the duplication of effort documented in the itemized bills, the expertise of counsel, the relative simplicity of the legal issues and the government's success in demonstrating that plaintiff was not entitled to a waiver of overpayment. See Smith, 867 F.2d at 732, 735. In light of these considerations, the court will reduce by half plaintiff's request as to hours worked on the underlying litigation. Therefore, with respect to this

portion of the litigation, the court concludes that counsel should be reimbursed for 12.35 hours of attorney time and 49.375 hours of clerk, paralegal or student time. This amounts to $7,057.25.

In addition, the court finds that the portion of the lawsuit which required plaintiff's counsel to oppose garnishment by the SSA was atypical and required expeditious work by counsel. Therefore, the court concludes that counsel's request with respect to this portion of the lawsuit is reasonable and counsel should be reimbursed for 13.60 hours of attorney time and 23.55 hours of clerk, paralegal or student time. This amounts to $4,689.30.

**E.     Conclusion**

For the reasons given above, the court directs the government to pay attorney's fees in the amount of $11,746.55 and expenses in the amount of $69.23 payable to Lasner & Kubitschek, pursuant to the assignment of the plaintiff dated March 5, 2008, within 30 days of the docketing of this Order.

**SO ORDERED.**

**/s/ Nina Gershon**
**Nina Gershon, U.S.D.J.**

Dated: July 30, 2009
         Brooklyn, NY